IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| Paul E. Baker, | § § § | |
| Plaintiff, | § § § § | Civil Action No.: |
| | § § | 5:19-cv-1298 |
| v | § § § § § § | |
| Specialized Loan Servicing, LLC, Equifax Information Services LLC, and Experian Information Solutions, Inc., | § § § § § | |
| Defendants. | § § | |

Plaintiff's Original Complaint

_____

Introduction

1. Federal consumer protection statues were enacted, in part, to protect the reputation consumers from misrepresentations by debt collectors and incorrect information reported by credit reporting agencies.

2. Both the Fair Debt Collection Practices Act and the Fair Credit Reporting Act prohibit third-party debt collectors from making false representations to and about consumers. Misrepresenting information about a consumer can cause job loss, interference with a consumers

ability to interact with the modern banking system, undue denials of credit, and invasions of privacy.

3. While the FDPCA prohibits false and misleading representations, the FCRA requires a debt collector to cure such representations after their inaccurate reporting has been disputed.

4. The FCRA also applies to credit reporting agencies and requires such agencies to implement and maintain procedures to ensure the maximum possible accuracy of their reporting.

5. Plaintiff brings this action against Specialized Loan Servicing for its violations of the FDCPA and FCRA Equifax Information Services, LLC and Experian Information Solutions, Inc. for their violations of the FCRA and seeks actual damages, statutory damages, punitive damages, costs, reasonable attorney's fees, and all such other and further relief the Court may award at law or in equity.

Jurisdiction & Venue

6. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

7. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

Parties

8. Plaintiff, Paul E. Baker is a natural person.

9. Defendant, Specialized Loan Servicing LLC, ("SLS") is a Delaware limited liability company authorized to conduct business in Texas. It may be served with process via its registered agent United Agent Group, Inc. at 5444 Westheimer #1000, Houston, Texas 77056.

10. Equifax Information Services LLC ("Equifax") is a Georgia Limited Liability Company authorized to conduct business in Texas. It may be served with process via its registered agent Corporation Service Company at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

11. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation authorized to conduct business in Texas. It may be served with process via its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

Facts

12. In 1999 Baker purchased a condominium and entered into a note secured by a deed of trust.

13. He lived in the condo without incident for a number of years.

14. On or about May 10, 2007 Baker took out a home equity line of credit. It was recorded as Document No. 20070112609 in the official public records of Bexar County, Texas.

15. He used the proceeds of the HELOC to pay off the mortgage and make repairs to the condo.

16. He made timely payments on the HELOC.

17. His condominium required a number of repairs that should have been performed by the condominium owner's association.

18. Baker made repeated requests of the association to make the repairs.

19. The association never made the repairs.

20. Frustrated that he was not receiving the services his association dues were supposed to pay for, Baker stopped paying his condo association dues.

21. On or about June 15, 2016, the association noticed Baker's condominium for foreclosure.

22. Around this same time Baker stopped making payments on the HELOC.

23. On August 2, 2016 the associations lien was foreclosed and purchased by Cameron Parker Properties, LLC, who soon evicted Baker.

24. On or about October 21, 2016 Cameron Parker Properties filed suit in Cause No. 2016-CI-18419; *Cameron Parker Properties, L.L.C. v. The Bank of New York Mellon FKA The Bank of New York, as Trustee for the Certificate holders of CWABS, Inc., Asset-Backed Certificates, Series 2007-010, et al*, in the 288th Judicial District Court, Bexar County, Texas ("State Court Action").

25. In the State Court Action, Bank of New York Mellon ("BNYM") was served but failed to answer.

26. Cameron Parker Properties was granted a default judgement on December 14, 2016. A true and correct copy of the default judgment is attached as Exhibit A.

27. Page 3 of the default judgment decrees the HELOC foreclosed, extinguished, and void[1]:

> IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that:
>
> 1) The Home Equity Lien was subordinate to the condominium assessment lien, foreclosed upon on August 2, 2016;
>
> 2) The Home Equity Lien was extinguished on August 2, 2016, and is of no further force or effect; and
>
> 3) The Home Equity Lien violated TEX. CONST. article XVI, § 50(a)(6)(B), and is hereby VOIDED, and is of no further force or effect;

28. Under Texas law a HELOC is a non-recourse debt. Once foreclosed the creditor has no remedy against the debtor. *See* Tex. Const. art. XVI § 50(a)(6)(c).

29. On May 19, 2017, BNYM filed a bill of review in state court to attempt to reopen the State Court Action in Cause No. 2017-CI-09289, *The Bank of New York Mellon FKA the Bank of New York, as Trustee for the Certificateholders of CWABS, Inc., Asset-Backed Certificates, Series 2007-010 v. Cameron Parker Properties, L.L.C.*, in the 288th Judicial District Court, Bexar County, Texas.

---

[1] The judgment defines Texas Home Equity Security Instrument (First Lien) executed by Paul E. Baker on or about May 10, 2007 recorded as Document No. 20070112609 as the "Home Equity Lien."

30. The bill of review failed.

31. After the bill of review failed, BNYM attempted to remove the State Court Action to federal court.

32. In the removed case, Civil Action No. 5:18-CA-942-DAE, *Cameron Parker Properties, LLC v. Wells Fargo Bank, N.A., New Freedom Mortgage Corporation, and The Bank of New York Mellon as Trustee for the Certificateholders of CWABS Inc., Asset-Backed Certificates, Series 2007-010 a/k/ The Bank of New York*, in docket entry number 32, the Court found removal was untimely and remanded the case back to state court.

33. BNYM has not appealed any of these decisions. All appellate deadlines have passed.

34. SLS is a post-default mortgage servicer. On its website it states that it is a "leader in default servicing."[2] It maintains a third-party debt collector's bond as required by Chapter 392 of the Texas Finance Code. It services mortgages only after a consumer has defaulted on their mortgage.

35. SLS took over servicing of Baker's debt only after he defaulted on the HELOC.

36. Baker has informed SLS, through several disputes, of the status of the HELOC as found in the State Court Action.

---

[2] https://www.computershareloanservices.com/us/business/servicing/information-on-special-servicing (last accessed October 10, 2019.)

37. SLS continues to report the HELOC as a mortgage that Baker is responsible for and that foreclosure proceedings have started. The amount reported by SLS changes after each dispute Baker makes. As of June 2019 it reported $97,541 due, as of August 2019 $47,880.

38. Baker attempted make online disputes of the inaccurate reporting with Experian and was directed to call in to make his disputes. On no less than eight occasions he called Experian, each time he asked to speak to a representative in the United States. Each time he explained the false reporting to a supervisor. On one occasion the supervisor asked him to send in the documents showing the loan was void and unenforceable. He sent, via CMRRR, several documents including a copy of the default judgment from the State Court Action attached here as Exhibit A.

39. Similarly, Baker attempted to make online disputes with Equifax and was told to make them by phone. On no less than nine occasions he called Equifax and disputed the inaccurate reporting. Each time he explained the false reporting to a supervisor. He sent the same documents to Equifax in support of his dispute.

40. His written disputes to both Experian and Equifax included a copy of the default judgment (Exhibit A) showing the note is no longer due or owing.

41. Upon the receipt of each of these disputes, Equifax and Experian should have conducted its own investigation and forwarded the dispute to SLS for a reinvestigation.

42. In spite of the numerous disputes, substantiated by copies of court documents, SLS refused to correct its reporting.

43. In spite of the numerous disputes, substantiated by court documents, both Experian and Equifax failed to correct their reporting.

44. Correcting this reporting would require simply updating the report. An act that is neither time consuming nor expensive.

45. SLS's false credit reporting has damaged Baker's credit score and causes him to pay more for credit and access to credit than it would if his report did not contain the false reporting.

46. SLS's false credit reporting has deprived Baker and his potential creditors of truthful, non-misleading information regarding a debt.

47. Equifax and Experian's false credit reporting damaged and continues to damage Baker's credit rating, causing him to pay more for credit that it would if his report was free of the false reporting.

48. The false reporting that he is in foreclosure is particularly damaging as it prevents him from qualifying for a mortgage and interferes with his ability to lease a residence. This inability to secure a residence in his name has required Baker to live in hotels for months at a time and has otherwise compromised his ability reside independently of others.

Cause of Action – Fair Credit Reporting Act against SLS

49. SLS is a furnisher of information to credit reporting agencies.

50. As a furnisher SLS is required to participate in reinvestigations performed by the credit report bureaus, including but not limited to Experian and Equifax.

51. Baker disputed the reporting on his Experian report.

52. Experian and Equifax launched the statutorily required reinvestigation.

53. They notified SLS of the dispute.

54. SLS confirmed the inaccurate information.

55. SLS failed to fully and/or properly reinvestigate Baker's dispute.

56. The result of SLS's failure is the continued reporting of a debt that is not owed, currently reported as $47,880, under the type as mortgage, and with the status "Foreclosure proceedings started."

57. This false reporting clouds Baker's credit report and reputation. Because it is being reported as a mortgage debt, it interferes with his ability to lease an apartment or buy a home.

58. SLS willfully failed to comply with the requirement to participate in the reinvestigations conducted by both Equifax and Experian in violation of 15 U.S.C. § 1681n.

59. SLS was negligent in failing to comply with the requirement to participate in the reinvestigations conducted by both Equifax and Experian in violation of 15 U.S.C. § 1681o.

Cause of Action – Fair Debt Collection Practices Act against SLS

60. SLS is a debt collector as defined by 15 U.S.C. § 1692a(6).

61. The debt at issue in this case is a debt as defined by 15 U.S.C. § 1692a(5).

62. Baker is a consumer as defined by 15 U.S.C. § 1692a(3).

63. SLS's credit reporting is a communication as defined by 15 U.S.C. § 1692e(2).

64. SLS violated the FDCPA by:

    a. Making a false representation of the character, amount, or legal status of a debt in violation of 15 U.S.C. § 1692e(2)(A);

    b. Making a threat to take any action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5);

    c. Communicating or threatening to communicate credit information which is known or should be known to be false in violation of 15 U.S.C. § 1692e(8); and

    d. Using any false representation or deceptive means to collect or attempt to collect a debt in violation of 15 U.S.C. § 1692e(10).

65. Each of these acts deprived Baker and the users of his credit report of truthful, non-misleading information regarding the debt at issue.

Cause of Action – Fair Credit Reporting Act against Experian

66. Experian is one of the "big three" credit reporting agencies. This small group of highly powerful private agencies is held, by the Fair Credit Reporting Act, to high standards.

67. Experian must take reasonable steps to ensure the maximum possible accuracy of the credit information it provides. See 15 U.S.C. § 1681e(b).

68. The FCRA also requires Experian to properly conduct a reinvestigation after a consumer disputes the accuracy of the information.

69. The information that Experian reported was and remains highly damaging to Baker's credit rating and reputation.

70. It would take little time or expense for Experian to correct its inaccurate reporting.

71. Experian can rely on the copy of the default judgment Baker sent with his disputes.

72. Experian's failure to correct Baker's report was willful in violation of 15 U.S.C. § 1681n.

73. Experian's failure to correct Baker's report was negligent in violation of 15 U.S.C. § 1651o.

74. Baker has suffered actual damages and seeks to recover his actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees.

Cause of Action – Fair Credit Reporting against Equifax

75. Equifax is one of the "big three" credit reporting agencies. This small group of highly powerful private agencies is held, by the Fair Credit Reporting Act, to high standards.

76. Equifax must take reasonable steps to ensure the maximum possible accuracy of the credit information it provides. See 15 U.S.C. § 1681e(b).

77. The FCRA also requires Equifax to properly conduct a reinvestigation after a consumer disputes the accuracy of the information.

78. The information that Equifax reported was and remains highly damaging to Baker's credit rating and reputation.

79. It would take little time or expense for Equifax to correct its inaccurate reporting.

80. Equifax can rely on the copy of the default judgment Baker sent with his disputes.

81. Equifax's failure to correct Baker's report was willful in violation of 15 U.S.C. § 1681n.

82. Equifax's failure to correct Baker's report was negligent in violation of 15 U.S.C. § 1651o.

83. Baker has suffered actual damages and seeks to recover his actual damages, statutory damages, punitive damages, costs, and reasonable attorney's fees.

Jury Demand

84. Plaintiff demands a trial by jury in this matter.

Prayer

WHEREFORE, the Plaintiff seeks judgment in favor of Plaintiff and against Defendants in accordance with the evidence adduced at trial, based on the following requested relief:

a. Actual damages,

b. Statutory damages,

c. Punitive damages,

d. Costs and reasonable attorney's fees,

e. Such other and further relief as may be necessary, just and proper.

    Respectfully Submitted,

    /s/William M. Clanton
    William M. Clanton
    Texas Bar No. 24049436

    Law Office of Bill Clanton, P.C.
    926 Chulie Dr.
    San Antonio, Texas 78216
    210 226 0800
    210 338 8660 fax
    bill@clantonlawoffice.com